Recent statutory changes have greatly expanded the ability of school districts and law enforcement agencies to cooperate in the transmission and sharing of information. Juvenile justice agencies are now required to provide schools with basic identification information whenever a student is charged in any court with committing a crime of violence or unlawful sexual offense; arrest and criminal records information whenever a delinquency petition is filed in juvenile court; notice whenever a student is convicted or adjudicated for an offense constituting a crime of violence involving controlled substances or unlawful sexual behavior; notice whenever a student is convicted or adjudicated for a crime that would result in mandatory expulsion proceedings under Colorado law; and notice whenever a court makes school attendance a condition of release, probation, or sentencing. Moreover, law enforcement agencies may now, upon request, provide certain school officials access to records or information on students which are maintained by the judicial department or any agency that performs duties with respect to delinquency or dependency and neglect matters, when the information is required to perform the school officials' legal duties and responsibilities. This includes information or records of threats made by the student, arrest or charging information, records relating to the adjudication or conviction of a child for a misdemeanor or felony, court records in juvenile delinquency proceedings, and probation officer, law enforcement, and parole records.
School districts are now required to provide the following information upon request from law enforcement authorities: truancy, disciplinary, and attendance records; reports of incidents on school grounds involving assault or harassment of a teacher or school employee; and notification of failure of a student to attend school, if school attendance is a condition of that student's sentence or release. However, the disclosure of student information must comply with the provisions of the federal Family Educational Rights and Privacy Act ("FERPA"). School officials may also disclose personally identifiable student information with the consent of the student's parents if the information falls under the category of "directory information," if the records are of the school's own "law enforcement unit," or in an emergency if knowledge of the information is necessary to protect the health or safety of the student or of other individuals.
 QUESTIONS PRESENTED AND CONCLUSIONS
ISSUE 1: Under Colorado law, what information must law enforcement officials provide to school authorities concerning students enrolled in schools?
ANSWER 1: Law enforcement must provide schools the following information: (1) basic identification information whenever a student is charged with committing a crime of violence or unlawful sexual offense; (2) arrest and criminal records information whenever a delinquency petition is filed in juvenile court; (3) notice whenever a student is convicted or adjudicated for an offense involving a crime of violence, illegal use of controlled substances, or unlawful sexual behavior; (4) notice whenever a student is convicted or adjudicated for a crime that would result in mandatory expulsion proceedings under Colorado law (i.e., while on school grounds, possessing a dangerous weapon, sale of drugs, robbery, or first or second degree assault); and (5) notice whenever a court makes school attendance a condition of release, probation, or sentencing.
ISSUE 2: Under Colorado law, what other information may law enforcement authorities share with school authorities concerning students enrolled in schools?
ANSWER 2: Upon request of school personnel, law enforcement authorities may share with school authorities records or information on students maintained by the judicial department or any agency that performs duties with respect to delinquency or dependency and neglect matters, when the information is required to perform the school officials' legal duties and responsibilities. The information shared may include information or records of threats made by the student, arrest or charging information, records relating to the adjudication or conviction of a child for a misdemeanor or felony, court records in juvenile delinquency proceedings, and probation officer, law enforcement, and parole records.
ISSUE 3: What information concerning students must school officials provide to law enforcement agencies under Colorado and federal law?
ANSWER 3: Upon request from law enforcement personnel, school officials must provide the following information to law enforcement agencies: truancy, disciplinary and attendance records; reports of incidents on school grounds involving assault or harassment of a teacher or school employee; and notification of failure of a student to attend school, if school attendance is a condition of that student's sentence or release. These disclosures of student information must comply with FERPA.
ISSUE 4: What student information are school authorities permitted, but not required, to provide law enforcement authorities under Colorado and federal law?
ANSWER 4: Permissible disclosure of information to law enforcement is governed by FERPA. Generally, personally identifiable student information may be disclosed with the consent of the student's parents, if he or she is over 18, with the consent of the student. Personally identifiable student information may also be disclosed if it falls under the category of "directory information" (i.e., the student's name, address, telephone number, etc., if such information has been designated as directory information by the school in accordance with law); if the records are of the school's own "law enforcement unit"; or in an emergency if knowledge of the information is necessary to protect the health or safety of the student or of other individuals.
 BACKGROUND
The Colorado legislature enacted laws in the 2000 term of the General Assembly governing the sharing of information between law enforcement agencies and schools.
Senate Bill 133 requires school boards to establish written policies for reporting criminal activity occurring on school property to the District Attorney or a law enforcement agency, and provides for the greater exchange of information between school districts and law enforcement. Greater exchange of information between schools and law enforcement agencies is also authorized by House Bill 1119. These new enactments also require boards of education to cooperate with law enforcement, and to the extent possible, to develop and implement written agreements with law enforcement officials, the juvenile justice system, and social services, as allowed under state and federal law, to keep each school environment safe. Section 22-32-109.1(3), C.R.S. (2000).
 ANALYSIS
Issue 1: Under Colorado law, what information must law enforcementofficials provide to school authorities concerning studentsenrolled in schools?
 A. Crimes of Violence and Sex Offenses
Whenever a student between the ages of 12 and 18 is charged with committing an offense constituting a crime of violence or unlawful sexual behavior, basic identification information concerning the student and details of the alleged offense must be forwarded by the juvenile justice agency (defined as the investigating police agency, prosecuting attorney's office, or court) to the school district in which the student is enrolled. Sections22-33-105(5)(a), and 19-1-304(5), C.R.S. (2000). For purposes of this reporting requirement, a "crime of violence" means any of the following crimes if the student, during the commission of the crime, used, or possessed and threatened the use of, a deadly weapon, or caused serious bodily injury or death to any person: (1) any crime against an at-risk adult or at-risk juvenile; (2) murder; (3) first or second degree assault; (4) kidnapping; (5) sexual assault; (6) aggravated robbery; (7) first degree arson; (8) first degree burglary; (9) escape; or (10) criminal extortion. A "crime of violence" also includes any unlawful sexual offense in which the student caused bodily injury to the victim, or in which the student used threat, intimidation or force against the victim. Section 16-11-309(2), C.R.S. (2000).
For purposes of this reporting requirement, "unlawful sexual behavior" means any of the following crimes: (1) sexual assault in the first, second or third degree; (2) sexual assault on a child; (3) sexual assault on a child by one in a position of trust; (4) enticement of a child; (5) incest; (6) aggravated incest; (7) trafficking in children; (8) sexual exploitation of children; (9) procurement of a child for sexual exploitation; (10) indecent exposure; (11) soliciting for child prostitution; (12) pandering of a child; (13) procurement of a child; (14) keeping a place of child prostitution; (15) pimping of a child; (16) inducement of child prostitution; or (17) patronizing a prostituted child. Section 18-3-412.5(1)(b), C.R.S. (2000).
Upon receipt of the information outlined above, the district's board of education or its designee is required to make a determination regarding whether the student's behavior is detrimental to the safety, welfare, and morals of the other students or of school personnel, and whether educating the student in the school may disrupt the learning environment, provide a negative example for other students, or create a dangerous and unsafe environment for students, teachers, and other school personnel. If the board of education determines that the student should not be educated in the school, it may then proceed with its suspension or expulsion procedures.
Alternatively, the board of education may decide to wait until the conclusion of the delinquency or criminal proceedings to consider the expulsion matter and to provide the student with an appropriate alternative education program of the board's choosing, such as an on-line program or home-based education program, while the juvenile proceedings are pending. However, no student being educated in an alternative education program shall be allowed to return to the education program in the public school until there has been a disposition of the charge. Should the student plead or be found guilty, or be otherwise adjudicated a delinquent juvenile or convicted, the school district may proceed to expel the student. Sections 22-33-105(5)(a) and (b), C.R.S. (2000). Other than using the information obtained through section 22-33-105(5), C.R.S. (2000) in accord with its stated purpose, this information must remain confidential unless otherwise made available to the public by operation of law. Sections 22-33-105(5)(a) and19-1-304(5), C.R.S. (2000).
 B. Filing of Charges and Convictions
The law now requires school personnel to be notified whenever certain types of criminal actions are initiated against the school's students. Specifically, when a delinquency petition (i.e., a petition alleging that the juvenile has committed a violation of a statute, ordinance, or order listed in section19-2-104(1)(a), C.R.S. (2000)) is filed in juvenile court, the prosecuting attorney must now notify the principal of the school in which the juvenile is enrolled on or before the next school day. The prosecuting attorney must also provide the principal with arrest and criminal records information concerning the student. Section 19-1-304(5.5), C.R.S. (2000). Also, whenever a student under the age of 18 is convicted or adjudicated for an offense constituting a crime of violence or involving controlled substances, the court must now notify the school district in which the student is enrolled of the conviction or adjudication. Section22-33-106.5(2), C.R.S. (2000). (The term "adjudication" in this context means a determination by a court that a juvenile has committed a delinquent act, or has pled guilty to a delinquent act. Section 19-1-103(2), C.R.S. (2000)). The same reporting requirement applies when a student between the ages of 12 and 18 is convicted or adjudicated of an offense constituting unlawful sexual behavior. Section 22-33-106.5(2), C.R.S. (2000). Finally, when a student under the age of 18 is convicted or adjudicated of one of the following crimes, the court must now notify the school district in which the student is enrolled that the student is subject to mandatory expulsion: carrying, bringing, using or possessing a dangerous weapon on school grounds without authorization of the school or school district; sale of drugs or controlled substances; robbery; or first or second degree assault. Sections 22-33-106.5(1) and 22-33-106(1)(d), C.R.S. (2000).
Thus, the prosecuting attorney must notify the principal or school district each time a delinquency petition is filed against a student in juvenile court, and each time a student is charged in any court with a crime of violence or unlawful sexual behavior. Furthermore, each time a student is convicted or adjudicated in any court for an offense involving a crime of violence, controlled substances, unlawful sexual behavior, or an offense subjecting the student to mandatory expulsion, the court must notify the school district of that conviction or adjudication. It should be noted, however, that not all charges or convictions in adult district or county court are subject to these mandatory reporting requirements. The law distinguishes between criminal charges, and allegations that a juvenile has committed a delinquent act. While certain conduct might give rise to criminal charges for a perpetrator 18 years of age or older, if the perpetrator is under 18, the conduct is generally classified as a delinquent act, and usually results in the filing of a delinquency petition in juvenile court, as opposed to criminal charges in an adult court.
Under certain circumstances, a juvenile may be charged as an adult in district court. If this happens, it is referred to as a "direct file." Section 19-2-517, C.R.S. (2000). In such a case, the charging document is not classified as a delinquency petition, and it is filed in adult district court rather than juvenile court. Finally, certain conduct perpetrated by a person under 18 may be processed either in juvenile court, or in county court. If charges against a student under 18 are directly filed in adult district court, or in county court, the mandatory reporting of those charges to school personnel is limited to crimes of violence and unlawful sexual behavior. If the conviction of a student under 18 occurs in adult district court or county court, the mandatory reporting of the conviction to school personnel is limited to crimes of violence, unlawful sexual behavior, and those crimes occurring on school property which subject the student to mandatory expulsion. However, records and information related to charges or convictions in adult district or county court, which are not subject to mandatory reporting, may be obtained by school personnel upon request, as outlined below.
 C. Notification of Mandatory School Attendance
Courts frequently require school attendance as a condition of release, probation, or sentencing of a juvenile. Colorado law requires the court to notify the school district in which the juvenile is enrolled of such a condition in the following cases: (1) whenever a court allows a juvenile to be released pending resolution of a delinquency matter, and, as a condition of this release, requires the juvenile to attend school, Section19-2-508(3)(a)(VI), C.R.S. (2000); (2) whenever a court, as a condition of or in connection with any sentence imposed in a delinquency matter, requires a juvenile to attend school, Section19-2-907(4), C.R.S. (2000); (3) whenever a court, as a specific condition of probation in a delinquency matter, requires a juvenile to attend school; Section 19-2-925(5), C.R.S. (2000); (4) whenever a criminal defendant who is under eighteen years of age at the time of sentencing (i.e., where a juvenile is processed and sentenced as an adult) is required to attend school as a condition of probation, Section 16-11-204(2.3)(b), C.R.S. (2000); (5) whenever a juvenile is required, as condition of juvenile parole, to attend school, Section 19-2-1002(3)(b)(II) C.R.S., (2000); and (6) whenever a municipal court requires a person under eighteen years of age to attend school as a condition of or in connection with any sentence. Section 13-10-113(8), C.R.S. (2000).
Issue 2: Under Colorado law, what other information may lawenforcement authorities share with school authorities concerningstudents enrolled in schools?
 A. Inspection of Criminal Justice Agency Records
School personnel may now obtain records or information on students from the judicial department or any agency that performs duties with respect to delinquency or dependency and neglect matters, when the information is required by the school to perform its legal duties and responsibilities. Section 19-1-303(2)(a), C.R.S. (2000).
Certain records or information concerning a particular child, and which are maintained by any criminal justice agency or child assessment center, may be obtained by the principal or the principal's designee of the school which the child attends or will attend. If the school is public, the information may also be obtained by the superintendent or superintendent's designee. Section 19-1-303(2)(b), C.R.S. (2000). School officials receiving information pursuant to this section may use it only in the performance of their legal duties, and must otherwise maintain the confidentiality of the information. Section 19-1-303(2)(d), C.R.S. (2000). The following records or information are open to inspection under this statute:
 Any information or records, except mental health or medical records, relating to incidents that, in the discretion of the agency or center, rise the level of a public safety concern, including but not limited to, any information or records of threats made by the child, any arrest or charging information, any information regarding municipal ordinance violations, and any arrest or charging information relating to acts that, if committed by an adult, would constitute misdemeanors or felonies. Section 19-1-303(2)(b)(I), C.R.S. (2000).
 Any records of incidents, except mental health or medical records, concerning the child that, in the discretion of the agency or center, do not rise to the level of a public safety concern, but that relate to the adjudication or conviction of a child for a municipal ordinance violation or that relate to the charging, adjudication, deferred prosecution, deferred judgment, or diversion of a child for an act that, if committed by an adult, would have constituted a misdemeanor or felony. Section 19-1-303(2)(b)(II), C.R.S. (2000).
School and school district personnel who share information pursuant to section 19-1-303, C.R.S. (2000) are immune from civil and criminal liability for their conduct if they acted in good-faith compliance with the provisions of section 19-1-303, C.R.S. (2000). Section 19-1-303(4.3), C.R.S. (2000). A knowing violation of the confidentiality provisions of section 19-1-303, C.R.S. (2000) subjects the violating party to a civil penalty not to exceed one thousand dollars. Section 19-1-303(4.7), C.R.S. (2000).
 B. Inspection of Juvenile Delinquency Records
Juvenile delinquency records maintained by the various agencies responsible for delinquency proceedings are also now open to inspection by the principal or superintendent of the school in which the juvenile is or will be enrolled, or to their designees, as outlined below:
 Court records in juvenile delinquency proceedings or proceedings concerning a juvenile charged with the violation of any municipal ordinance except traffic ordinances. Section 19-1-304(1)(a)(XVI), C.R.S. (2000).
 Juvenile probation records, whether or not part of the court file. Section 19-1-304(1)(c)(X) or (XI), C.R.S. (2000).
 Law enforcement records concerning juveniles. Section 19-1-304(2)(a)(XV), C.R.S. (2000).
Parole records. Section 19-1-304(2.5), C.R.S. (2000).
Issue 3: Under Colorado and federal law, what informationconcerning students are school authorities now required to provideto law enforcement agencies?
 A. Information to be Provided upon Request
The following student records are now available to criminal justice agencies upon request: (1) disciplinary and truancy information; (2) the student's attendance records; and (3) the student's disciplinary records. Section 19-1-303(2)(c), C.R.S. (2000). In order to obtain these records, the criminal justice agency must meet the following requirements: it must be investigating a criminal matter concerning the child; the information must be necessary to effectively serve the child prior to trial; and the request must be accompanied by written certification that the criminal justice agency will not unlawfully disclose the information without proper consent. The criminal justice agency should request these records from the principal of the school in which the child is or will be enrolled, or from the superintendent, if the school is public. Section 19-1-303(2)(c), C.R.S. (2000). Upon receiving the request, the principal or superintendent must provide the criminal justice agency with such records. Sections 19-1-303(2)(c) and 22-32-109.3(3), C.R.S. (2000).
B. Mandatory Reporting of Assault or Harassment of Teachers orSchool Employees
In addition to the above, the school administration is now required to report the following to the District Attorney or the appropriate local law enforcement agency or officer: any incident involving assault upon, disorderly conduct toward, harassment of, the making of a knowingly false allegation of child abuse against, or any alleged offense under Colorado's criminal code directed toward a teacher or school employee, or any incident involving damage occurring on the premises to the personal property of a teacher or school employee by a student. Section22-32-109.1(3)(c), C.R.S. (2000). As a practical matter, while the new law refers to mandatory reporting to the District Attorney or to the local law enforcement agency, it is the local law enforcement agencies that do the preliminary investigation of crimes as opposed to the District Attorney. Therefore, to satisfy this reporting requirement, schools should report to the local law enforcement agency.
 C. Mandatory Reporting of Student Non-Attendance
Finally, if a student is required to attend school as a condition of release pending an adjudicatory trial, or as a condition of or in connection with any sentence imposed by a court, including probation or parole, and the student fails to attend all or any part of a school day, the school district must now notify the appropriate court or parole board of the failure to attend. Section 22-33-107.5, C.R.S. (2000).
 D. Federal Law Governing Disclosure of Student Information
In complying with the above-referenced statutes, school officials must still comply with the provisions of FERPA. Under FERPA, educational institutions may not disclose information about students nor permit inspection of their records without written permission of the student, unless such action is covered by certain exceptions permitted by the Act. 20 U.S.C. § 1232g
(a)(6)(b). The restrictions on disclosure in FERPA apply to all educational institutions which either receive funds directly from the federal Department of Education or which have students in attendance who receive funds through programs administered by the federal Department of Education. 34 C.F.R. § 99.1. Thus, every public school in Colorado is required by federal law to comply with the disclosure requirements of FERPA. Violations of FERPA by a public school may result in termination of federal funding.20 U.S.C. § 1232g(f).
The restrictions in FERPA apply to personally identifiable information contained in educational records maintained by the school. An "educational record" is any record maintained by the school that contains information related to a student.34 C.F.R. § 99.3(a). However, the term does not include records of the law enforcement unit of the school, or records that only contain information about an individual after he or she is no longer a student at the school. 34 C.F.R. § 99.3. The term "personally identifiable information" includes, but is not limited to, the student's name, the name of the student's parents or other family members, the student's address, any personal identifiers, including the student's social security number, any list of personal characteristics that would make the student's identity easily traceable, or any other information that would make the student's identity easily traceable. 34 C.F.R. § 99.3.
As discussed above, Colorado law allows for the disclosure of disciplinary and truancy information, attendance records, incidences of student criminal misbehavior directed against the person or property of teachers, and student failure to attend school when court ordered to do so. Much of this information would either constitute educational records or contain personally identifiable student information under FERPA. Fortunately, Colorado's disclosure provisions have been drafted with the exceptions to FERPA's confidentiality provisions in mind; thus, disclosures of student information meeting the requirements of Colorado law should meet the requirements of FERPA, as well. It should be noted, however, that Colorado law does not allow for the disclosure of all personally identifiable student information; except as outlined in our discussion of Issue 4 below, only those categories of information identified above are accessible to law enforcement officials.
FERPA allows disclosure of personally identifiable information in student records to law enforcement in the following circumstances. First, and most relevant to Colorado's new mandatory disclosure laws, FERPA allows the disclosure of such information pursuant to any state statute adopted after 1974 if the reporting or disclosure: 1) concerns the juvenile justice system; and 2) is for the purpose of allowing the system to effectively serve, prior to adjudication, the student whose records are to be released.34 C.F.R. § 99.31(5)(i)(B), 99.38(a). These requirements are tracked in the language of section 19-1-303(2)(c), C.R.S. (2000). Thus, a request from a law enforcement agency complying with State law will comply with the restrictions of FERPA as well. Additionally, a disclosure by a school of a student's failure to attend school, when such attendance was a condition ordered by a court or parole board, would also fit within this exception to the FERPA restrictions.
Under FERPA, in order to obtain such records, the law enforcement officials to whom the records are to be disclosed must certify in writing to the school that the information will not be disclosed to any other party, except as provided under State law, without the prior written consent of the parent of the student.34 C.F.R. § 99.38(b). This requirement is also contained in state law. Furthermore, the school must maintain a record of each disclosure of personally identifiable information under this provision, including the person receiving such information, and the legitimate interests the person had in requesting the information.34 C.F.R. § 99.32(a)(3).
The officers, employees, and agents of the law enforcement agency receiving the information from the school may only use the information for the purposes for which the disclosure was made.34 C.F.R. § 99.33(a)(2). The law enforcement agency may not disclose the information to a third party unless: 1) it obtains prior consent from the parent of the student; or 2) the further disclosure meets the requirements of 34 C.F.R. § 99.31 above, and the school has made a record of the further disclosure pursuant to the provisions of 34 C.F.R. § 99.32(b).
In addition to the above, the school may always disclose student records to a law enforcement agency pursuant to a judicial order or lawfully issued subpoena. 34 C.F.R. § 99.31. However, if served with such a subpoena, the school must make a reasonable effort to notify the parent or student (if over 18) in advance of compliance with the subpoena, so that the parent or student may seek protective action, unless the court or other issuing agency has ordered that the existence or contents of the subpoena or the information furnished in response to the subpoena not be disclosed. 34 C.F.R. § 99.31(a)(9)(ii).
Issue 4: Under Colorado and federal law, what other informationare school authorities permitted, but not required, provide to lawenforcement authorities concerning their students?
Regarding permissible reporting of other information by schools to law enforcement, state law requires local boards of education to comply with the applicable provisions of FERPA and the federal regulations promulgated thereunder. § 24-72-204(3)(d)(III), C.R.S. (2000).
 A. Student Consent
Under FERPA, personally identifiable student information may, of course, be disclosed by the school with the written consent of the parent of the student, or with the consent of the student if the student is over 18 years of age. 34 C.F.R. § 99.30 and34 C.F.R. § 99.3. The written consent must specify the records to be disclosed, the purpose of the disclosure, and the party to whom the disclosure will be made. Id.
 B. Directory Information
The school may also, under certain circumstances, disclose directory information. "Directory information" includes information contained in the education records of the student which would not generally be considered harmful or an invasion privacy if disclosed. This includes the student's name, address, telephone number, date and place of birth, participation in extra-curricular activities or sports, weight and height for members of athletic teams, dates of attendance, and degrees received, and the most recent previous school attended.34 C.F.R. § 99.3. In order to disclose directory information, the school must have given public notice to parents of students and (if over 18) the students in attendance of the types of personally identifiable information the school has designated as directory information, and the parent's or (if over 18) the student's right to refuse to let the agency designate any or all of those types of information as directory information. A school may disclose directory information about former students without meeting these conditions concerning notice and right to refuse.34 C.F.R. § 99.37.
 C. School Law Enforcement Unit Records
Another applicable exemption from FERPA relates to school district disclosure of the records of its own law enforcement unit. FERPA does not prohibit the disclosure of the records of a school's law enforcement unit. The term "law enforcement unit" in this context relates to an individual, office, or department of the school, such as a unit of commissioned police officers or non-commissioned security guards, who are assigned to the school to enforce the law or provide security services. 34 C.F.R. § 99.8. Law enforcement unit records include those records created and maintained by the law enforcement unit for a law enforcement purpose. However, law enforcement unit records do not include records created by the law enforcement unit that are maintained by a component of the school other than the law enforcement unit, or records created and maintained by the law enforcement unit that are exclusively for a non-law enforcement purpose. 34 C.F.R. § 99.8(b). Finally, educational records do not lose their protection under FERPA solely by being in the possession of a school law enforcement unit. 34 C.F.R. § 99.8(b)(2).
 D. Emergencies
Finally, under FERPA a school may disclose personally identifiable information to appropriate parties in connection with an emergency if knowledge of the information is necessary to protect the health or safety of the student or of other individuals.34 C.F.R. § 99.36.
 CONCLUSION
Recent statutory changes have greatly expanded the ability of school districts and law enforcement agencies to cooperate in the transmission and sharing of information. Juvenile justice agencies are now required to provide schools with basic identification information whenever a student is charged in any court with committing a crime of violence or unlawful sexual offense; arrest and criminal records information whenever a delinquency petition is filed in juvenile court; notice whenever a student is convicted or adjudicated for an offense constituting a crime of violence, involving controlled substances, or unlawful sexual behavior; notice whenever a student is convicted or adjudicated for a crime that would result in mandatory expulsion proceedings under Colorado law; and notice whenever a court makes school attendance a condition of release, probation, or sentencing. Moreover, law enforcement agencies may now, upon request, provide certain school officials access to records or information on students which are maintained by the judicial department or any agency that performs duties with respect to delinquency or dependency and neglect matters, when the information is required to perform the school officials' legal duties and responsibilities. This includes information or records of threats made by the student, arrest or charging information, records relating to the adjudication or conviction of a child for a misdemeanor or felony, court records in juvenile delinquency proceedings, and probation officer, law enforcement, and parole records.
School districts are now required to provide the following information upon request from law enforcement authorities: truancy, disciplinary, and attendance records upon proper request; reports of incidents on school grounds involving assault or harassment of a teacher or school employee; and notification of failure of a student to attend school, if school attendance is a condition of that student's sentence or release. However, the disclosure of student information must comply with the provisions of FERPA. School officials may also disclose personally identifiable student information with the consent of the student's parents, if the information falls under the category of "directory information," if the records are of the school's own "law enforcement unit," or in an emergency if knowledge of the information is necessary to protect the health or safety of the student or of other individuals.
Issued this ___ day of August, 2000.
KEN SALAZAR Attorney General
ANTONY B. DYL
MATTHEW KARZEN
Assistant Attorneys General
State Services Section
1525 Sherman Street, 5th Floor
Denver, Colorado 80203